IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL B. RANDOLPH, IV, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-2231 |
| : | |
| JOHN WETZEL, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this **21ST** day of June, 2019, upon consideration of Plaintiff Joseph Randolph's Motion to Proceed *In Forma Pauperis* (ECF No. 6), his Prisoner Trust Fund Account Statement (ECF No. 7), his *pro se* Complaint (ECF No. 2), and his Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 4), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Samuel B. Randolph, IV, #FJ-5881, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Randolph's inmate account; or (b) the average monthly balance in Randolph's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Randolph's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Randolph's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint filed in this action (ECF No. 2) naming Randolph as the sole plaintiff and naming the following Defendants: (1) John Wetzel; (2) Superintendent Gilmore; (3) Deputy DiAlesandro; (4) Deputy Zaken; (5) Major Caro; (6) Mr. Funk; (7) Lt. Trout; (8) Dr. Denise Smyth; (9) Dr. Lawrence Alpert; (10) CO Jordan; (11) CO Feather; (12) CO Brandt; (13) William Nicholson; (14) Mike Hice; (15) John McAnany; (16) P.A. Ridings; (17) Five-member CERT Team from May 5, 2017; (18) T.A. Lewis; (19) Harry Cancelmi; (20) Bruce Pokol; and (21) three John Doe Nurses. This new civil action shall be assigned to the undersigned in accordance with Local Civil Rule 40.1. Once the new action is opened, the Court will enter an Order in that action transferring the case to the Western District of Pennsylvania.

6. The Clerk of Court shall **TERMINATE** the following Defendants from this case: (1) Superintendent Gilmore; (2) Deputy DiAlesandro; (3) Deputy Zaken; (4) Major Caro; (5) Mr. Funk; (6) Lt. Trout; (7) Dr. Denise Smyth; (8) Dr. Lawrence Alpert; (9) CO Jordan; (10) CO Feather; (11) CO Brandt; (12) William Nicholson; (13) Mike Hice; (14) John McAnany; (15) P.A. Ridings; (16) Five-member CERT Team from May 5, 2017; (17) T.A. Lewis; (18) Harry Cancelmi; (19) Bruce Pokol; and (20) three John Doe Nurses.

7. For the reasons stated in the Court's Memorandum, Randolph's claims against

Wetzel and the SCI Phoenix Defendants are **DISMISSED without prejudice** for failure to state a claim with the exception of the following claims:

   a. Due process and retaliation claims against McKevitts and Karnizan based on issuance of the allegedly false misconducts;
   b. Excessive force claims against Ridgley, (5) Member CERT Team from 5-7-19, Ferguson, and Deputy Terra based on the force applied to him in the course of the cell extraction on May 7, 2019; and
   c. Deliberate indifference to medical needs claims against Ridgley, the CERT team officers, Ferguson, and Deputy Terra in relation to Randolph's requests for medical treatment for injuries he sustained during the cell extraction.

8. The Clerk of Court shall **TERMINATE** the following SCI PhoenixDefendants, because all of the claims against them have been dismissed without prejudice at this time: (1) Wetzel; (2) Dr. Weiner; (3) Dr. Hanicek; (4) Dr. Sarah; (5) Ms. Gene Walsh; (6) Deputy Sorber; (7) CO Ellerbee; (8) Nurse Dennis; (9) Sgt. Moyer; (10) CO Policki; (11) CO Belador; (12) CO Ms. Johnson; (13) CO Smothers; (14) Nurse Paul; (15) Major Terra; and (16) Mr. T. Fauber.

9. Randolph is given thirty (30) days to file an amended complaint in the event he can allege additional facts cure any of the dismissed claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Randolph's claims against each defendant, and shall bear the title "Amended Complaint" and the caption 19-2231. If Randolph files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Randolph's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. When drafting his amended complaint, Randolph should be

mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Any amended complaint **shall not** include claims based on events that occurred at SCI Greene because claims related to those events are proceeding in a separate case. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

10. If Randolph does not file an amended complaint the Court will direct service of his initial Complaint on Defendants McKevitts, Karnizan, Ridgely, (5) Member CERT team from 5-7-19, Ferguson, and Deputy Terra so that Randolph may proceed on the claims identified in paragraph seven (7) of this Order. Randolph may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Randolph is reminded to include the case number for this case, 19-2231.

11. The Motion for a Temporary Restraining Order and/or Preliminary Injunction is **DENIED without prejudice.**

                                                **BY THE COURT:**

                                                */s/ Eduardo C. Robreno*
                                                EDUARDO C. ROBRENO,   J.