IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL B. RANDOLPH, IV, | : | |
| | : | No. 19-cv-2231-JMY |
| vs. | : | |
| | : | |
| JOHN WETZEL, et al., | : | |

| | | |
|---|---|---|
| SAMUEL B. RANDOLPH, IV, | : | |
| | : | No. 13-cv-4116-JMY |
| vs. | : | |
| | : | |
| JOHN WETZEL, et al. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                       April 30, 2025

Currently before the Court is a *Praecipe to Reinstate the Complaint in a Civil Action* (*Response to Order to Show Cause*, ECF No. 57) filed by Plaintiff Samuel Randolph in *Randolph v. Wetzel*, 13-cv-4116-JMY. The Court finds issues raised by Plaintiff's *Praecipe to Reinstate the Complaint* appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, the Court will construe Plaintiff's *Preacipe to Reinstate the Complaint* as a motion to open judgment under Fed. R. Civ. P. 60(b).[1] The Court will strike Plaintiff's *Praecipe to Reinstate Complaint* from the docket, and deny his motion to open the judgment. This matter will remain closed.

---

[1] Plaintiff cites to Fed. R. Civ. P. 60(b) in his *Preacipe to Reinstate the Complaint* and requests that the Court vacate the Order entered by Judge Rebreno on August 29, 2023, that dismissed this action for lack of prosecution. (*Order*, ECF No. 55 (Judge Eduardo C. Rebreno).) Therefore, the Court will treat Plaintiff's *Preacipe* as motion for relief from final judgment under Fed. R. Civ. P. R. 60(b).
*See Davenport v. New Jersey Bd. of Pub. Utilities*, No. 18-cv-13687, 2019 U.S. Dist. LEXIS 9291, (D.N.J. Jan. 17, 2019) ("In considering a motion to reinstate, some courts have referred to Rule 60(b) of the Federal Rules of Civil Procedure, which allows for relief from a final judgment, order, or proceeding"); *H&R Block Bank v. JBWHoldings, LLC*, No. 11-cv-3358, 2013 U.S. Dist. LEXIS 132393, (D.N.J. Sept. 17, 2013) (analyzing plaintiff's motion to reinstatement action had been dismissed for lack of prosecution pursuant to Rule 60(b)).

I.      **FACTUAL AND PROCEDURAL BACKGROUND:**

Plaintiff was tried before a jury and sentenced to death following his convictions on May 14, 2003 for two counts of first-degree murder, two counts of criminal attempt, three counts of aggravated assault, two counts of firearms violations, and reckless endangerment. *Commonwealth v. Randolph*, 582 Pa. 576 (Pa. 2005). These convictions stem from three shootings in September of 2001. *Id.* Plaintiff challenged his judgments in convictions and related death sentence on direct appeal and in post-conviction relief act proceedings on the state court level. *Randolph v. Wetzel*, 2020 U.S. District LEXIS 92043, *13-16 (M.D. Pa. May 27, 2020). Plaintiff ultimately filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. (*Id.*)

The District Court granted Plaintiff's petition for habeas corpus relief thereby vacating his judgments in convictions and related death sentence. *Randolph*, 2020 U.S. Dist. LEXIS 92043, *1. The District Court provided the Commonwealth of Pennsylvania 90 days in which to conduct a new trial. *Id.* The Third Circuit Court of Appeals affirmed the Order that granted Plaintiff habeas corpus relief. *Randolph v. Sec'y Pa. Dep't of Correction*, 5 F.4th 362, (3d Cir. July 20, 2021). The Commonwealth of Pennsylvania filed a petition for writ of certiorari which was denied on April 4, 2022. *Little v. Randolph*, 142 S. Ct. 1461 (April 4, 2022). Thereafter, on April 6, 2022, the Commonwealth of Pennsylvania provided notice that it would not seek to retry Plaintiff. (*Commonwealth's Application for Permission to Enter a Nolle Prosequi*, CP-22-CR-0001220-2002, CP-22-CR-0001374, CP-22-CR-0001746-2002 (Dauphin County Pennsylvania Court of Common Pleas, April 6, 2022).

Plaintiff filed at least four inmate/prisoner civil rights actions challenging the condition of his confinement during the period of time that he was incarcerated and held in confinement in relationship to his May 14, 2002 judgments in conviction.

A.      **Plaintiff's 2013 Inmate/Prisoner Civil Rights Lawsuit in the Eastern District of Pennsylvania:**

On August 6, 2013, Plaintiff Samuel Randolph filed a *pro se* inmate/prisoner civil rights action against numerous Pennsylvania Department of Corrections (DOC) officials and employees for alleged violations of the United States Constitution under 42 U.S.C. § 1983. [2] (*Randolph v. Wetzel*, 13-cv-4116-JMY (Complaint, ECF No. 5.)  The Pennsylvania DOC officials and employees who are named as Defendants are; John Wetzel, Dorinda Varner, Robert MacIntyre, Thomas Armstrong, Michael Wenerowicz, Jay Lane, James Spagnoletti, Michael Dugal, Joseph Korszniak, William Radle, Brian Taylor, John Everding, Jeffrey Bender, Joseph Aquino, Aaron Battle, Shannon Bennett, Jonina Respes, Timothy Gardzalla, Pierre Kernizan, Francis Webster, Robert Walker, Andre Hall, Joseph Terra, Wendy Shaylor, Barbara March, Shannon Bean, Dennis Hill, Laurel Harry, Mary Canino, Francis Feild, George Heiserman, Susan Sennott, Thomas Bolton, Jeffrey Warren, Brenton Boyd, and Gerald Kelly.  (*Id.*)  In his 2013 Action, Plaintiff asserts claims under what he characterizes as the protection clauses in the First Amendment, Fourth Amendment, Fifth Amendment, Eighth Amendment and Fourteenth Amendment of the United States Constitution.  (*Id.* ¶ 435.)  Plaintiff also asserts claims under the Americans with Disabilities Act.  (*Id.* page 14.)

Plaintiff filed his 2013 lawsuit at a time when he was housed at the State Correctional Institution (SCI) Graterford.  (*Id.* page 2.)  In his 2013 lawsuit, Plaintiff asserts claims that arose

---

[2] Plaintiff had previously filed a related prisoner civil rights action on May 25, 2011 in the Eastern District of Pennsylvania.  *Randolph v. Wetzel*, No. 11-cv-3396-JMY.

3

from purported constitutional violations related to the conditions of confinement that occurred between May 16, 2011 and July 15, 2013 while he was housed at SCI Graterford. (*Id.*) Plaintiff claims that he was denied access to the court and subjected to retaliatory assault and abuse for filing civil rights litigation against the Defendants. (*Id.* ¶ 435; page 11 (Statement of Claims).) Plaintiff avers that Defendants destroyed his legal materials and prevented him from accessing the prison law library. (*Id.* ¶ 435; page 12.) Plaintiff alleges retaliation in the form of cruel and unusual punishment, and that "Defendants … intentionally starved plaintiff, by denying him access to food and water." (*Id.* page 12.) Plaintiff also asserts that Defendants were deliberately indifferent to his known medical needs in their denial of access to proper medical treatment. (*Id.* ¶ 409-410.) On December 12, 2016, Judge Rebreno entered a stay of proceedings in Plaintiff's 2013 inmate/prisoner civil rights lawsuit. (*Id.*, ECF No. 46.)

B.  **Plaintiff's 2019 Inmate/Prisoner Civil Rights Lawsuit in the Eastern District of Pennsylvania:**

On May 22, 2019, Plaintiff filed a subsequent (third) *pro se* inmate/prisoner civil rights action under 42 U.S.C. § 1983 against various Pennsylvania DOC officials, employees, and/or medical contractors. (*Randolph v. Wetzel*, No. 19-cv-2231-JMY (E.D. Pa. 2019) (Complaint, ECF No. 2).) When Plaintiff filed his 2019 lawsuit, he was incarcerated at SCI Phoenix, and he asserted claims against more than fifty Defendants, the majority of whom either work at SCI Phoenix or SCI Greene, where Plaintiff was previously incarcerated. Plaintiff named Secretary of Corrections John Wetzel as a Defendant in the 2019 lawsuit – apparently in connection with claims based on events at SCI Greene and at SCI Phoenix. (*Id.*) Plaintiff also named a group of Defendants related to events at SCI Greene in 2017 and another group of Defendants related to events at SCI Phoenix in 2019. (*Id.*)

4

The Defendants named with regard to Plaintiff's claims arising from events at SCI Greene ("SCI Greene Defendants") are: (1) Superintendent Gilmore; (2) Deputy DiAlesandro; (3) Deputy Zaken; (4) Major Caro; (5) Mr. Funk; (6) Lt. Trout; (7) Dr. Denise Smyth; (8) Dr. Lawrence Alpert; (9) CO Jordan; (10) CO Feather; (11) CO Brandt; (12) William Nicholson; (13) Mike Hice; (14) John McAnany; (15) P.A. Ridings; (16) Five-member CERT Team from May 5, 2017; (17) T.A. Lewis; (18) Harry Cancelmi; (19) Bruce Pokol; and (20) three Jane/John Doe Nurses. The Defendants named with regard to Plaintiff's claims arising from events at SCI Phoenix ("SCI Phoenix Defendants") are: (1) Superintendent Ferguson; (2) Mr. T. Fauber; (3) Dr. Weiner, Medical Director; (4) Dr. Hanicek; (5) Dr. Sarah; (6) Ms. Gene Walsh; (7) Deputy Terra; (8) Major Terra; (9) Deputy Sorber; (10) CO Ellerbe; (11) CO Karnizan; (12) CO McKevitts; (13) Nurse Dennis; (14) Five member CERT Team from May 7, 2019; (15) Sgt. Moyer; (16) CO Policki; (17) CO Belador; (18) CO Ms. Johnson; (19) CO Smothers; (20) Lt. Ridgely; and (21) Nurse Paul. However, to date only Tammy Ferguson, Pierre Kernizan, Raymond McKevitt, Joseph Terra, and Kevin Ridgley were sent waivers of service. (*Id.* (*Order*, ECF No. 10; *Waiver of Service*, ECF No. 13).)

In his 2019 inmate/prisoner civil rights lawsuit, Plaintiff asserts claims that arise from purported constitutional violations that occurred while he was housed at SCI Greene in 2017 through 2019. *Randolph v. Wetzel*, No. 19-cv-2231-JMY (E.D. Pa. 2019) (Complaint, ECF No. 2).) Plaintiff asserts that these constitutional violations continued after his transfer to SCI Phoenix in 2019. (*Id.*) The theories for recovery asserted by Plaintiff in the 2019 lawsuit predominately arises from allegations that he was unnecessarily force fed on several occasions and handled with excessive force on several occasions beginning with events that occurred at SCI Greene in 2017. (*Id.*) The Complaint asserts that the force-feeding occurred with the

5

permission of court orders.  (*Id.*)  In his 2019 lawsuit, Randolph relies on 42 U.S.C. § 1983 to assert claims under the Constitution based on theories of retaliation, excessive force, Eighth Amendment violations related to the conditions of his confinement, denial of access to the courts, and due process violations.  (*Id.*)  He also asserts claims under the Americans with Disabilities Act.  (*Id.*)

**C.     Plaintiff's 2019 Inmate/Prisoner Civil Rights Lawsuit in the Western District of Pennsylvania:**

On June 21, 2019, Plaintiff filed a fourth *pro se* inmate/prisoner civil rights action under 42 U.S.C. § 1983 against various Pennsylvania DOC officials, employees, and/or medical contractors.  (*Randolph v. Wetzel*, No. 19-cv-2731-JMY (E.D. Pa. 2019) (Complaint, ECF No. 2).)  Plaintiff initiated this prisoner civil rights action in the United States District Court for the Eastern District of Pennsylvania.  (*Id.*)  The matter was transferred to the Western District of Pennsylvania on or about June 21, 2019.  (*Id.* (Order, ECF no. 4); *Randolph v. Wetzel*, No. 19-cv-0790-MRD-PLD (W.D. Pa. 2019) (Order, ECF No. 4); *Id.* (Complaint, ECF No. 11).)  The matter was transferred to the Western District of Pennsylvania based on the legal theory of venue and the fact that the lawsuit pertained to matters occurring at SCI-Greene.  (*Randolph v. Wetzel*, No. 19-cv-2731-JMY (E.D. Pa. 2019) (ECF Nos. 1-5).)  A stay of proceeding has currently been entered in the lawsuit pending in the Western District of Pennsylvania based on the bankruptcy filing of Wellpath, Inc., which is named as a Defendant in that matter.

Plaintiff was incarcerated at SCI-Phoenix when he filed the Western District of Pennsylvania litigation.  (*Randolph v. Wetzel*, No. 19-cv-0790-MRD-PLD (W.D. Pa. 2019) (Amended Complaint, ECF No. 25.).)  Plaintiff brought that lawsuit against the Secretary of Corrections and over twenty other prison officials, most of whom were assigned to work at SCI-

Greene.  (*Id.*)  The Amended Complaint includes allegations arising from Plaintiff's incarceration at SCI-Greene from July 2, 2015 to December 20, 2017.  (*Id.*)

In the Western District of Pennsylvania Litigation, Plaintiff asserts that he was disabled because of spinal cord and leg injuries and advances a number of claims relating to the conditions of his confinement, including his care and treatment, while at SCI-Greene.  (*Id.*)  At the core of Plaintiff's claims against Pennsylvania DOC Defendants was his claim that they wrongfully and aggressively force fed him on several occasions.  Plaintiff alleges that Defendants from the Pennsylvania DOC, violated his constitutional rights through use of excessive force, i.e., torturous and unnecessary force feeding, torturous abuses of extreme/permanent isolation, cruel and harsh conditions of confinement, deliberate indifference/denial of medical treatment and care, denial of mental health treatment/care, conspiracy, retaliation, invasion of privacy, emotional distress, several violations of the Americans with Disabilities Act, assault, battery, and professional negligence.  (*Id.*)

Plaintiff raised eighteen separate claims against the Defendants in the Western District of Pennsylvania litigation outlined as follows: (1) violation of his Eighth and Fourteenth Amendment rights, i.e., deliberate indifference to a serious medical need; (2) assault and battery; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) negligence; (6) violation of the Equal Protection Clause of the Fourteenth Amendment; (7) false imprisonment under the Fourth and Fourteenth Amendment of the U.S. Constitution and under the Pennsylvania Constitution; (8) Intentional Infliction of Emotional Distress (9) a violation of the Americans with Disabilities Act (10) exclusion from services of a federally funded entity in violation of the Rehabilitation Act; (11) failure to administer adequate medical remedy and treatment and care; (12) retaliation for filing Section 1983 claims and filing grievances; (13)

7

medical malpractice; (14) declaratory judgment and injunctive relief for violations of the Eighth and Fourteenth Amendments for cruel and unusual punishment; (15) declaratory judgment and injunctive relief for violations of the Eighth and Fourteenth Amendments for equal protection and due process; (16) Fourth Amendment invasion of privacy; (17) conspiracy, violation of due process and the Fourth Amendment; and (18) violation of right to counsel under the Sixth Amendment.  (see generally *Randolph v. Wetzel*, No. 19-cv-0790-MRD-PLD (W.D. Pa. 2019) (*Amended Complaint*, ECF No. 25).)

**D.     Consolidation of Plaintiff's 2013 and 2019 Lawsuits Pending in the Eastern District of Pennsylvania:**

On January 21, 2020, the two matters being litigated in the Eastern District of Pennsylvania were consolidated under *Randolph v. Wetzel*, No. 19-cv-2231-JMY.  (*Randolph v. Wetzel*, No. 19-cv-2231-JMY (Order entered by Judge Eduardo C. Robreno, ECF No. 19).)  On April 15, 2022, Plaintiff filed a notice of change of address in the Western District of Pennsylvania, noting that he had been released from the custody of the DOC on April 7, 2022.  *Randolph v. Wetzel*, No. 19-cv-0790-MRD-PLD (W.D. Pa. 2019) (*Motion to Stay Proceedings and New Change of Address*, ECF No. 127).)  Plaintiff did not file a Notice of Change of Address in the present consolidated matters.

On July 18, 2023, Judge Eduardo Robreno issued a Rule to Show Cause Order requiring the Plaintiff to show cause why the consolidated matters should not be dismissed for lack of prosecution.  (*Randolph v. Wetzel*, No. 19-cv-2231-JMY (Order, ECF No. 22).)  Plaintiff did not receive the Order as he did not update his address with the Court.  (*Id.* (*Clerk's Notation on Docket*, ECF No. 24).  On August 29, 2023, Judge Rebreno entered an Order dismissing this consolidated lawsuit for lack of prosecution.  (*Id.* (Order, ECF No. 23).)  Plaintiff's last filing in

8

the lawsuit consolidated in the Eastern District of Pennsylvania occurred on January 24, 2020. (*Id.* (Letter from Plaintiff, ECF No. 20.).)

Plaintiff is now represented by an attorney who filed a *Praecipe to Reinstate the Complaint* in which Plaintiff alleges that "[He] was out of state awaiting surgery and never received [the] Court's Notice of Rule to Show Cause or the Order Dismissing this case." (*Praecipe to Reinstate Complaint* ¶ 7.) Plaintiff seeks to vacate the Order entered by Judge Robreno on August 29, 2023 that dismissed the consolidated lawsuit for lack of prosecution. (*Id.*) Therefore, Plaintiff seeks to open and reactivate *Randolph v. Wetzel*, No. 13-cv-4116-JMY, more than four years after he made his last filing in either of the actions consolidated in the Eastern District of Pennsylvania.

## II.    LEGAL STANDARD FOR MOTION TO VACATE FINAL JUDGMENT UNDER FED. R. CIV. 60(B):

In his *Praecipe to Reinstate Complaint in a Civil Action*, Plaintiff cites to Rule 60(b), which suggests that he is moving to open the judgment under Fed Rule 60(b). Under this section, a court may relieve a party from a final judgment for the following reasons:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1). The timing and effect for filing a motion to set aside a final judgment is governed by Fed. R. Civ. P. 60(b)(c) which provides that "A motion under Rule 60(b) must be

made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Furthermore, it is the moving party's burden to establish that he or she is entitled to relief under the rule. *Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909 (3d Cir. 2010). Motions under Rule 60(b) are "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998). The remedy provided by Rule 60(b) is "extraordinary, and special circumstances must justify granting relief under it." *Tischio*, 16 F. Supp. 2d at 533 (quoting *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1346, 23 V.I. 449 (3d Cir. 1987)); *see Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

In determining whether Plaintiff is entitled to relief from dismissal for "excusable neglect," the Court considers the totality of the circumstances, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *George Harms Constr. Co. v. Chao*, 371 F. 3d 156, 163 (3d Cir. 2004).

**III.   DISCUSSION:**

In his moving papers, Plaintiff argues that he satisfies the requirements of excusable neglect. (*Plaintiff's Reply to Defendant's Response in Opposition* page 2, ECF No. 67; *Plaintiff's Response to Motion to Strike Reply/Sur-Reply* page 4, ECF No. 69.) Therefore, he is presumably moving to vacate and open the final judgment entered by Judge Robreno based on Fed. R. Civ. P. 60(b)(1). The Court is not persuaded that Plaintiff has met the requirement of

excusable neglect in this regard and will deny his motion to vacate and open the final judgment. Applying the standard espoused above, the Court considers the totality of the circumstances, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *George Harms Constr. Co. v. Chao*, 371 F. 3d 156, 163 (3d Cir. 2004).

The Pennsylvania DOC Defendants will undoubtedly suffer prejudice associated with lost evidence and fading memories of eye-witness accounts of what occurred. *Griffin v. United States*, No. 12-6137, 2013 U.S. Dist. LEXIS 149401, at *4 (D.N.J. Oct.17, 2013) ("The Third Circuit has held that under Rule 60(b), there is no prejudice absent loss of available evidence or 'increased potential for fraud or collusion.'"). Allegations in *Randolph v. Wetzel*, No. 13-cv-4116-JMY, stem from events that transpired more than 13 years ago. Many of the allegations related to events that took place at SCI Graterford which closed in 2018 and is no longer in operation. *Commonwealth of Pennsylvania*, https://www.pa.gov/agencies/cor/state-prisons/sci-phoenix.html. Therefore, the DOC Defendants will suffer prejudice if this lawsuit is opened and reactivated.

Plaintiff offers no valid reason for his delay in prosecuting matters pending in the Eastern District of Pennsylvania. Plaintiff did not receive Judge Robreno's Rule to Show Cause Order or Order dismissing this action because he did not update his address with the Court. Plaintiff had been out of prison and failed to update his address for nearly fifteen months by the time that the Order dismissing this action was issued and mailed to Plaintiff. Additionally, Plaintiff never inquired with the Court as to the status of the matter during that time. For over four years,

11

Plaintiff filed nothing in either of the consolidated lawsuits that he filed in Eastern District of Pennsylvania.  Under similar circumstances, The Third Circuit Court of Appeals held that a plaintiff failed to satisfy the requirements of excusable neglect.  *See Williams v. Cambridge Integrated Servs. Grp.*, 235 F. App'x 870, 872–73 (3d Cir. 2007) ("[Plaintiff's] failure to update his address of record in the district court, coupled with his delay in failing to inquire about the status of his case in the district court, did not constitute excusable neglect under these circumstances.").

In response to the Pennsylvania DOC Defendants' opposition brief, Plaintiff argues that he failed to pursue pending litigation because he was under the belief that he was represented by counsel.  (*Plaintiff's Reply to Defendants' Response in Opposition*, page 4; ECF No. 67.)  He argues that he retained attorneys at Shulman & Hill to represent him in his inmate/prisoner civil rights matters.  (*Id.*)  Assuming that Plaintiff is correct in his assertion – that he had in fact retained counsel – the Court is not persuaded to vacate and open this matter based on Plaintiff's assertion that he relied on counsel to pursue his claims.

The Court is cognizant of the fact that under certain circumstances attorney misconduct can justify relief under Rule 60(b)(6).  *Ethan Michael Inc.*, 392 Fed. Appx. 906, 910 (3d Cir. 2010) (recognizing that an attorneys' gross negligence could warrant relief under the "catch-all provision."); *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 806 (3d Cir.1986) (reversing denial of plaintiff's Rule 60(b) motion based on plaintiff's counsel's "blatant disregard for explicit [court] orders"); *Boughner v. Sec'y of Health, Ed. & Welfare, U. S.*, 572 F.2d 976, 978 (3d Cir. 1978) ("We reverse, however, on the basis that the motion to vacate should have been granted under Rule 60(b)(6).  The conduct of [plaintiff's attorney] indicates neglect so gross that it is inexcusable.  The reasons advanced for his failure to file opposing documents in a timely

fashion are unacceptable."). However, in this instance, Plaintiff has not requested relief under Fed. R. Civ. P. 60(b)(6).

Any attempt to make use of Fed. R. Civ. P. 60(b)(6) would be dubious at best because Plaintiff himself shoulders some of the blame for failing to update his address on the docket. Plaintiff was litigating matters in the Eastern District of Pennsylvania *pro se* when he purportedly retained the services of an attorney or attorneys at Shulman & Hill in April or May of 2022. (*Plaintiff's Reply to Defendant's Response in Opposition* page 5.) Nothing appears on the docket to indicate that an attorney from Shulman & Hill, or any other attorney for that matter, entered an appearance on Plaintiff's behalf or filed anything of record on Plaintiff's behalf. Under the circumstances, the Court does not believe that Plaintiff has established the type of gross attorney negligence necessary to vacate and open judgment when he failed to file a notice of change of address in a case that he was litigating *pro se* and then failed to check the docket to determine the status of pending litigation. Judge Robreno entered an Order to Show Cause on July 18, 2023 which directed Plaintiff to respond by August 18, 2023. A response to Judge Robreno's Order to Show Cause was not received until August 29, 2024 – over a year after it was due. Plaintiff has failed to demonstrate that the circumstances that lead to the dismissal of the above-captioned lawsuit were beyond his control.

Plaintiff further suggests that he was under the belief that the change of address he filed in the Western District of Pennsylvania was somehow applicable to consolidated lawsuits filed in the Eastern District of Pennsylvania. (*Plaintiff's Reply to Defendants' Response in Opposition* Page 6.) However, the record in these matters contradicts Plaintiff's assertion that he misunderstood the effect and implications of filing a change of address. Plaintiff filed at least four inmate/prisoner civil rights lawsuits which he prosecuted *pro se* while in prison. Plaintiff's

13

legal skill and ability is illustrated by a review of the pleadings and various filings that Plaintiff made in these four lawsuits. Therefore, the Court is not persuaded to vacate or open this action based on some purported misunderstanding about Plaintiff being required to update his address.

Plaintiff's purported good faith in filing his *Praecipe to Reinstate Complaint in a Civil Action* is also suspect. Plaintiff filed his *Praecipe* on August 28, 2024 which was one day before the one-year deadline for filing a motion to set aside a final judgment under Fed. R. Civ. P. 60(b)(c). Fed. R. Civ. P. 60(b)(c) provides that "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

## IV. CONCLUSION:

For these reasons, the Court will strike Plaintiff's *Praecipe to Reinstate Complaint* from the docket, and deny his motion to open the judgment. The Court finds that Plaintiff has failed to establish he is entitled to relief under Rule 60(b).

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge